J-S65031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY TYLER CAMPBELL, | |
| Appellant | No. 206 WDA 2016 |

Appeal from the Judgment of Sentence January 19, 2016
in the Court of Common Pleas of Somerset County
Criminal Division at Nos.: CP-56-CR-0000746-2014
CP-56-CR-0000747-2014

BEFORE: LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 22, 2016**

Appellant, Anthony Tyler Campbell, appeals from the judgment of sentence imposed following his entry of a guilty plea to aggravated assault and flight to avoid apprehension.[1] On appeal, he challenges the discretionary aspects and legality of his sentence. We affirm.

The relevant facts and procedural history of this case are as follows. On October 19, 2015, Appellant entered a counseled, open guilty plea to the above-mentioned charges at Docket Nos. 746-2014 and 747-2014. The charges stem from an August 15, 2014 incident during which Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(4) and 5126(a), respectively.

entered the victim's apartment without permission, stabbed him in the head and face with a suspected knife or switchblade, and subsequently attempted to conceal himself from police. (***See*** N.T. Guilty Plea, 10/19/15, at 3-4; Affidavit of Probable Cause, 8/15/14). In exchange for the plea, the Commonwealth withdrew several other charges then pending against Appellant. (***See*** N.T. Guilty Plea, at 8). On January 19, 2016, after consideration of a pre-sentence investigation report (PSI), the court imposed an aggregate, standard-range sentence of not less than three and one-half nor more than seven years' incarceration. (***See*** N.T. Sentencing, 1/19/16, at 7).[2] This timely appeal followed.[3]

Appellant raises the following issues for our review:

I. Whether the [s]entencing [c]ourt abused its discretion in imposing a sentence of not less than three and a half (3 ½) years and not more than seven (7) years['] incarceration as said sentence is too severe and excessive based on the circumstances?

II. Whether the sentence imposed by the [s]entencing [c]ourt violates the Eighth Amendment because [Appellant's] repeat

_____

[2] Appellant's juvenile offenses were used in calculating his prior record score. ***See*** 204 Pa.Code § 303.6 (sentencing guideline directing the counting of prior juvenile adjudications in prior record score where certain criteria met); (***see also*** Commonwealth's Brief, at 3-4; Appellant's Brief, at 17).

[3] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on March 1, 2016. ***See*** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) statement on March 2, 2016, referring this Court to the sentencing order and transcript entered January 19, 2016, for the reasons for its sentence. ***See*** Pa.R.A.P. 1925(a).

felon prior record status is based completely on juvenile offenses?

III. Whether the sections of the sentencing guidelines which allow for a juvenile adjudication to be counted in the prior record score the same as an adult conviction as in the present case is [sic] unconstitutional?

(Appellant's Brief, at 3).

In his first issue, Appellant challenges the discretionary aspects of his sentence, arguing that it is excessive and severe in light of his young age and the fact that "a vast majority of [his] criminal record was juvenile offenses." (*Id.* at 12; *see id.* at 11-13). This issue does not merit relief.

It is well-settled that "[t]he right to appeal the discretionary aspects of a sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [, *see* Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-30 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citation omitted).

In the instant case, Appellant timely appealed, preserved his claim in the trial court, and included a Rule 2119(f) statement in his brief. *See id.* With respect to the fourth requirement, "this Court has held that an

excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citations omitted). Therefore, we will review Appellant's claim on the merits.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

We are also mindful that, "where the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Here, at the sentencing hearing, defense counsel emphasized Appellant's young age and that his juvenile offenses contributed to his prior record score. (***See*** N.T. Sentencing, at 4, 6). Before imposing its standard-range sentence, the trial court noted that it had considered all of the

information before it including the PSI report, the seriousness of the assault in that it involved a deadly weapon and caused serious bodily injury to the victim, and the fact that Appellant was on parole when he committed the instant offenses. (*See id.* at 7). Thus, the record reflects that the court was well aware of the facts of this case and mitigating factors. *See Ventura*, *supra* at 1135. Accordingly, we conclude that the trial court did not abuse its discretion in imposing Appellant's sentence. *See Clarke*, *supra* at 1287. Appellant's first issue lacks merit.

We will address Appellant's second and third issues challenging the legality of his sentence together because they essentially raise the same claim.[4] Specifically, Appellant argues that his sentence is unconstitutional and violates the Eighth Amendment to the United States Constitution because his juvenile offenses were used to calculate his prior record score. (*See* Appellant's Brief, at 13-20). Relying primarily on *Roper v. Simmons*, 543 U.S. 551 (2005), *Graham v. Florida*, 130 S.Ct. 2011 (2010), and *Miller v. Alabama*, 132 S.Ct. 2455 (2012), Appellant maintains that juvenile adjudications must be treated differently than adult convictions

_____

[4] Although Appellant failed to include this claim in his Rule 1925(b) statement, (*see* Rule 1925(b) statement, 3/01/16, at unnumbered pages 1-2), we will nevertheless address it because a "claim[] pertaining to the legality of sentence [is] non-waivable, . . . [and] is not even waived by a party's failure to include it in a Pa.R.A.P. 1925(b) statement." *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (citations omitted).

when calculating a prior record score. (***See*** Appellant's Brief, at 13-16). The Commonwealth, however, contends that Appellant's claim fails and is controlled by this Court's decision in ***Commonwealth v. Bonner***, 135 A.3d 592 (Pa. Super. 2016). (***See*** Commonwealth's Brief, at 4). We agree with the Commonwealth.[5]

In ***Bonner***, a panel of this Court considered whether section 303.6 of the Pennsylvania Sentencing Guidelines violates the proportionality principles of the Eighth Amendment. The ***Bonner*** Court held:

> ***Roper***, ***Graham***, and ***Miller*** all addressed the constitutionality of sentencing a defendant for offenses committed as a juvenile. In this case, [a]ppellant was an adult when he committed the instant offenses. Thus, ***Roper***, ***Graham***, and ***Miller*** are inapposite. Here, [a]ppellant is being held to account for conduct and choices he made as an adult with full knowledge of the nature and scope of his own criminal past, including juvenile adjudications. Thus, [a]ppellant's contention that the sentencing guidelines fail to recognize the lack of maturity of a youthful offender holds little sway in the instant circumstances. Moreover, the sentencing guidelines attempt to ensure that a defendant knows the prior juvenile adjudications that will be used during subsequent adult sentencing proceedings by limiting such use to those committed after he turned 14 and that (typically) occurred within the past 14 years. 204 Pa.Code §§ 303.6(a)(1), 303.6(c). They also include only the most serious adjudication of each disposition, effectively giving the defendant a volume discount for criminal conduct committed as a juvenile. 204 Pa.Code § 303.6(b).

_____

[5] We note that because "the review of the constitutionality of a sentencing guideline raises a pure question of law, our standard of review is *de novo* and our scope of review is plenary." ***Bonner***, ***supra*** at 597 (citation omitted).

\*　　\*　　\*

  . . . [O]ur own independent evaluation indicates that use of a juvenile adjudication in calculating an adult defendant's prior record score does not violate the proportionality principles of the Eighth Amendment of the United States Constitution and Article 1, § 13 of the Pennsylvania Constitution.  Instead, we hold that section 303.6 of the Pennsylvania Sentencing Guidelines fully complies with the Eighth Amendment as interpreted by **Roper**, **Graham**, and **Miller**.

**Bonner**, **supra** at 600–01, 603 (some case citations and footnote omitted).

  Thus, prior precedent of this Court makes clear that use of Appellant's juvenile offenses in calculating his prior record score was constitutionally sound.  **See id.**  Therefore, Appellant's second and third issues do not merit relief.  Accordingly, we affirm the judgment of sentence.

  Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/22/2016

- 7 -